IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY WARE, #49238-177, | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:17-CV-668-K |
| | § | (CRIMINAL NO. 3:15-CR-40-K-2) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Movant Jerry Ware ("Ware") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is **DENIED**.

I.

Ware pled guilty to Counts Two and Four, using and carrying a firearm in relation to a crime of violence under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i) (second or subsequent), predicated on substantive Hobbs Act robberies. He was sentenced to 312 months' imprisonment—84 months on Count Two to be followed by 228 months on Count Four. *United States v. Ware*, No. 3:15-CR-40-K-2 (N.D. Tex. June 29, 2016), *appeal dism.*, 676 F. App'x 381 (5th Cir. Feb. 21, 2017) (per curiam).

Ware timely filed this Section 2255 motion claiming (1) counsel rendered ineffective assistance in failing to challenge the residual-clause definition of "crime of

violence" in 18 U.S.C. § 924(c)(3)(B) based on *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 2563 (2015), and (2) his sentences were unconstitutional. Doc. 1. The Government filed a response in opposition. Doc. 9. With the assistance of counsel, Ware filed a second amended Section 2255 motion, asserting his Section 924(c) convictions are invalid under *United States v. Davis*, — U.S. —, 139 S. Ct. 2319 (2019), and that counsel was constitutionally ineffective in failing to challenge his convictions. Doc. 21. The Government again opposes relief. Doc. 24.

Because substantive Hobbs Act robbery qualifies as a crime of violence under the elements clause of Section 924(c), the Court concludes Ware is not entitled to relief on his claims.

II.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness" and that any such deficiency was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

III.

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. § 924(c)(1). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court recently held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. But Ware's Section 924(c) convictions are predicated upon *substantive* Hobbs Act robberies—not *conspiracy* to commit Hobbs Act robbery—which the Fifth Circuit previously found qualify as crimes of violence under Section 924(c)(3)(A)'s elements clause. *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A)" (citing *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017)); *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), *aff'd in part*

*and vacated in part*, 139 S. Ct. 2319 (2019) ("Whatever arguments may be made for opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence . . . are foreclosed to us in light of *Buck*.").

As such, there is no merit to Ware's challenge to his Section 924(c) conviction premised on substantive Hobbs Act robbery and any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (per curiam) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)). Nevertheless, even assuming deficient performance, Ware cannot show prejudice. Contrary to his assertions, the prejudice suffered by the *Davis* defendants has no relevance in this case where Ware's Section 924(c) convictions were premised only on substantive Hobbs Act robbery. Indeed, unlike Ware, the *Davis* defendants had multiple Section 924(c) convictions, which were predicated on both substantive and conspiracy to commit Hobbs Act robbery. And only the latter were vacated. *Davis*, 139 S. Ct. at 2336. Consequently, Ware's claim of ineffective assistance of counsel fails on the merits.

IV.

Likewise, Ware's claim that his Section 924(c) convictions and sentences are invalid fares no better. Even assuming *Davis* is applicable retroactively on collateral

review and his claim is not procedurally defaulted, Ware is not entitled to relief for the same reasons outlined above. Because the predicate offenses for his Section 924(c) convictions were undisputedly substantive Hobbs Act robbery, <u>not</u> conspiracy to commit Hobbs Act, his convictions and sentences are not constitutionally infirm. This claim has no merit.

V.

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed August 21st, 2019.

_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE